UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:22-CV-00045-EBA

LAWRENCE GREGORY NEELEY,                                              PLAINTIFF,

V.                **MEMORANDUM OPINION & ORDER**

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,                              DEFENDANT.

*** *** *** ***

The Plaintiff, Lawrence Gregory Neeley, appeals the Acting Social Security Commissioner's denial of his application for disability insurance benefits. He alleges that the Administrative Law Judge did not properly evaluate the medical opinion evidence of two treating physicians, Drs. James Bean and William Brooks, because she did not state the persuasiveness of each opinion. [R. 18 at pg. 1]. Neeley and the Acting Commissioner have filed competing motions for summary judgment,[1] So, this matter is ripe for review.

I.

At the date of his alleged onset of disability, Lawrence Gregory Neeley was 26 years old and worked as a technician installing satellite televisions. [R. 12-1 at pg. 23]. Unfortunately, Neeley has been diagnosed with several severe impairments, including degenerative disc disease,

---

[1] The Plaintiff and the Acting Commissioner captioned their respective filings as "Plaintiff's Brief in Support of Complaint" and "Memorandum in Support of the Commissioner's Decision," apparently to conform with the Court's General Order No. 22-15. General Order 22-15 (amending filing and briefing procedures for Social Security actions "[t]o comply with the Supplemental Rules for Social Security actions filed pursuant to 42 U.S.G. § 405(g)"); *see id.* at § 5(a)–(b). However, the procedures described in General Order 22-15 only apply to Social Security actions filed on or after December 1, 2022. *Id.* at § (8). This action was filed on May 13, 2022. [R. 1]. Thus, the procedures outlined in General Order 13-7 apply to this action, and the Court shall treat the parties' opposing briefs as competing motions for summary judgment as prescribed by General Order 13-7 §§ (1)–(2).

obesity, anxiety disorder, and depressive disorder. [*Id.* at pg. 17]. In February 2019, he ceased working. [*Id.*]. Additionally, Neeley meets the insured status requirements of the Social Security Act through December 31, 2024. [*Id.*].

Neeley's application for disability insurance benefits was denied initially and on reconsideration. So, Neeley filed a written request for a rehearing. [*Id.* at pg. 111]. The ALJ conducted a hearing on January 20, 2021, and the ALJ issued an unfavorable decision on February 4, 2021. [*Id.* at pg. 11]. Neeley appealed the decision to the Appeals Council, which found that Neeley had not provided a basis for disturbing the ALJ's decision. [*Id.* at pg. 5]. At that time, March 15, 2022, the ALJ's decision became final and therefore subject to judicial review. 20 C.F.R. § 404.981. So, Neeley filed the instant action on May 13, 2022. [R. 1].

Neeley argues that the ALJ did not properly review the medical opinion evidence available to her because she did not state how persuasive she found the opinions of Drs. James Bean and William Brooks and, therefore, ran afoul of certain social security regulations. [R. 18]. In sum, Neeley avers that the ALJ's improper review of medical opinion evidence amounts to harmful error that requires reversal and remand of the ALJ's decision.

## II.

A court reviewing the Social Security Commissioner's conclusions must affirm unless it determines that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Secretary of HHS*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)); *Sias v. Secretary of Health & Human Services*, 861 F.2d 475, 479 n.1

(6th Cir. 1988). So, the Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing U.S.C. § 405(g)).

A reviewing court owes the Commissioner great deference. In conducting its review, a court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Consequently, an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *See Ulman*, 693 F.3d at 714 (quoting *Bass*, 499 F.3d at 509). In other words, even if the Court would have resolved the factual issues differently, the ALJ's decision must stand if supported by substantial evidence. *Id.*; *see also Tyra v. Secretary of Health & Human Services*, 896 F.2d 1024, 1028 (6th Cir. 1990). That said, a reviewing court may consider evidence not referenced by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

### III.

### A.

ALJs are tasked with conducting a five-step analysis to determine whether a person is disabled within the meaning of Title II. 20 C.F.R. § 404.1520(4). The five steps are:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id.*

Generally, the burden of proof rests with the person claiming benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). However, if the Administrative Law Judge reaches the fifth step of the analysis, the burden shifts to the Commissioner to demonstrate that jobs exist within the national economy that can align with the claimant's residual functional capacity, age, education, and past work experience. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Neeley takes issue with the ALJ's determination of his residual functionalcapacity, which implicates steps four and five of the analysis.

**B.**

The ALJ found that Neeley has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with the exception he can occasionally "climb ramps and stairs, and never climb ladders, ropes, or scaffolds[;]" and "stoop, kneel, crouch, and crawl." [R. 12-1 at pg. 19]. The ALJ also found Neeley "should avoid concentrated exposure to extreme cold, humidity, vibration, and hazards of moving machinery and unprotected heights" and "have occasional interaction with others, only occasional changes in the work setting, with no fast-paced work." [*Id.*]. In reaching this conclusion, the ALJ determined that Neeley's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with medical and other evidence in the record. [*Id.* at pg. 20].

On appeal, Neeley asks this Court to review whether the ALJ erred by failing to assess or

indicate the persuasiveness of the medical opinions offered by Neeley's treating physicians, Drs. Bean and Brooks. As a result, Neeley claims, the ALJ failed to include additional limitations that may have altered the residual function analysis. [R. 18 at pg. 5]. The purported medical opinions that Neeley opines the ALJ excluded from her analysis include:

- Dr. Bean's opinion that Neeley is "totally disabled." [R. 18 at pg. 7] (citing [R. 12-1 at pg. 890]);
- Dr. Brooks' recommendation that Neeley "continue with his education and received a college degree seeking employment that is not more than sedentary" and opinion that Neeley "is incapable of working at his regular duty at this time." [R. 18 at pg. 7]; (citing [R. 12-1 at pg. 905]).

For claims filed March 27, 2017, or later, the agency does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the Commissioner will explain in her decision how persuasive she finds *all of the medical opinions* and all of the prior administrative medical findings in the record. 20 C.F.R. §§ 404.1520c(b); 416.920c(b) (emphasis added).

Social security regulations define medical opinions as statements "from a medical source about what [the claimant] can still do despite [his or her] impairment(s)[.]" 20 C.F.R. § 404.1513(a)(2). Medical opinions also include a medical source's statements about a claimant's ability to (1) "perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions"; (2) " perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;" (3) "perform other demands of work, such as seeing, hearing, or using other senses;" and (4) "adapt to environmental conditions, such as temperature extremes or fumes." *Id.* at (i)–(iv).

**1. Dr. Bean's Statements**

The Court is not persuaded by Neeley's argument that Dr. Bean's statement that Neeley is "totally disabled" is a medical opinion as defined by 20 C.F.R. § 404.1513(a)(2). First, the purported medical opinion is only briefly present in the Administrative Record on a form generated by an insurance company. Liberty Mutual Insurance, the worker's compensation carrier for Neeley's employer, wrote to Dr. Bean to ascertain Neeley's "work status." [R. 12-1 at pg. 890]. Dr. Bean's sole notations are a circle around "Totally Disabled" and a checkmark next to "Yes" when asked whether Neeley had been advised of work status. [*Id.*].

Ostensibly, the opinion that Neeley is "totally disabled" is not a medical opinion, and such determinations are reserved for the Commissioner. However, Neeley argues that because the form had options for Dr. Bean to indicate Neeley's ability to perform sedentary, light, medium, heavy, or very heavy work, that the absence of such indications constitutes a medical opinion. [R. 18 at pg. 8]. So, the Court is left to determine whether the areas form, which were left blank, constitute medical opinions that should have been included in the ALJ's analysis under current social security regulations.

District courts historically have been critical of "form reports" that contain checklist or fill-in-the-blank-spaces as having limited probative value or as being devoid of objective medical findings altogether. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016); *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016). The form in this case involves much of the "blanks" being left just that—blank. Further, the incompleteness of the form does not appear to be intentional, so as to indicate Dr. Bean's opinion regarding Neeley's abilities. The form contained two blank tables. For instance, had Dr. Bean intended to convey Neeley's impairment resulted in the loss of his ability to drive, walk, squat, sit, or climb, Dr. Bean could have indicated as much by checking the "Not at All" box for each ability. Instead, the entire table

was left blank. As for the table provided to indicate Neeley's work capacity, Dr. Bean was offered the ability to check "sedentary" with a *maximum* lift weight of 10 pounds. Dr. Bean left that table blank, as well. The lack of notation on the form does not constitute a medical opinion regarding Neeley's vocational abilities. Since Dr. Bean's statements (or lack thereof) are not medical opinions, the ALJ did not err in excluding the statements from her analysis of the medical evidence.

## 2. Dr. Brooks' Statements

Some statements espoused by Dr. Brooks, however, do constitute medical opinions and should have been included in the ALJ's analysis. But, for the reasons stated below, the ALJ's error was harmless and remand is not required.

After conducting a neurological examination, Dr. Brooks noted the following:

> Surgical intervention is a therapeutic option. This would entail posterior lumbar interbody fusion [(PLIF)]. Epidural steroid injection or facet block may well be worthwhile trying prior to surgical intervention. Even if [Neeley] has PLIF he will have work restrictions which will limit his capability. Therefore I have recommended that he continue with his education and received [sic] a college degree seeking employment that is not more than sedentary. He will take all of this under consideration and will contact me at his convenience. He is incapable of working at his regular duty at this time.

[R. 12-1 at pg. 905].

While Dr. Brooks' notation contains statements that are not medical opinion and are conclusions that are reserved for the Commissioner, the notation also includes statements that are medical opinions. For instance, Dr. Brooks states that, even with surgical intervention, Neeley will have work restrictions limiting his capabilities. Dr. Brooks does not opine in detail about what restrictions will be needed, or what his capabilities are or will be, but he does opine that he advised Neeley to continue his education so that he could perform work no more than sedentary. [*Id.*]. A fair reading of Dr. Brooks' statements suggests that his medical opinion is that Neeley should only perform work activities consistent with a sedentary work ability. *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can

Page **7** of **8**

still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions . . . ).

As Dr. Brooks' statements partially constituted medical opinion, such opinions should have been included in the ALJ's residual function analysis. 20 C.F.R. § 404.1520c(b). The ALJ, therefore, did not follow social security regulations when she omitted *any* discussion of Dr. Brooks' medical opinions.

The Court will not uphold that decision when the Commissioner failed to apply proper legal standards unless the legal error was harmless. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006). In this case, the ALJ's error was harmless because Dr. Brooks' opinion was consistent with the ALJ's ultimate decision. The ALJ determined that Neeley could not perform past relevant work, but he could perform light sedentary occupations. This opinion is entirely consistent with Dr. Brooks' opinion that Neeley should only perform sedentary work, or less. As the ALJ's failure to follow social security regulations and include all medical opinions in her analysis was harmless, remand is not necessary.

### IV.

For the reasons stated herein,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment [R. 18] is DENIED, the Defendant Commissioner's Motion for Summary Judgment [R. 20] is GRANTED. A separate Judgment will be entered affirming the final decision of the Commissioner.

Signed June 28, 2023.



Signed By:
*Edward B. Atkins*  EBA
**United States Magistrate Judge**